# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**United States of America,**

      Plaintiff,                    Case No. 2:22-cv-98

      v.                            Judge Michael H. Watson

**Howard D. Travis,** *et al.*,        Magistrate Judge Jolson

      Defendants.

## OPINION AND ORDER

Howard D. Travis ("Defendant"), proceeding *pro se*, moves to stay this case pending the resolution of a petition he filed in a parallel case in the United States Tax Court and pending the resolution of an appeal to the Tenth Circuit related to his status as a "taxpayer". ECF Nos. 15, 31. The Government opposes the stay, ECF No. 16, and moves to file a sur-reply. ECF No. 26. As an initial matter, the Court is capable of assessing Defendant's arguments without the assistance of a sur-reply; thus, the Government's motion is **DENIED**. For the following reasons, Defendant's motions to stay are likewise **DENIED**.

As the Government recognizes, a proceeding to collect on a tax lien is typically stayed when the taxpayer has a pending Tax Court petition. *See* 26 U.S.C. § 6213(a). However, that statute is inapplicable here. The statute provides that after a notice of deficiency is mailed, a taxpayer within the United States has 90 days to file a petition in the Tax Court for a redetermination of the

deficiency. *Id.* The statute also prohibits the Government from making a levy or proceeding in court until the expiration of the 90-day period or, if a petition has been filed with the Tax Court, until resolution of the petition. *Id.*

Read as a whole, though, the statute plainly refers to the *timely* filing of a petition in the Tax Court, not any petition in the Tax Court. Here, Defendant waited to file a petition in the Tax Court until after the Government filed this case to collect on Defendant's lien—nearly seven years after Defendant's most recent deficiency assessment and well after the 90-days statutorily prescribed period. *See* Compl. 4–5, ECF No. 1; Resp. 2, 5, ECF No. 16. Defendant's tactics must be seen for what they are—a clear attempt to continue to delay the Government's collection of his outstanding tax liabilities. Thus, 26 U.S.C. § 6213 is inapplicable to this case and, therefore, the Court examines Defendant's motions under the usual framework for motions to stay in civil cases.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). And "[t]he proponent of a stay bears the burden of establishing its need." *Id.* at 708 (citation omitted). The party seeking a stay typically must "show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Although Defendant presents many different theories, arguments, and assertions in his motions and reply, the only statements regarding a *stay* are as follows:

> "I, Howard D. Travis©, hereby request on U.S.D.C. Federal trial 2:22-cv-00098-MHW-KAJ for a Stay as THIS SAME MATTER is in U.S. Tax Court and waiting on ruling from U. S, Tax Court ."
>
> Therefore, the Defendant, Howard D. Travis, request this Motion of Stay is granted until any/all decisions are made by the U.S. Tax Court; and that they have such other relief, at law or in equity, in which they may show themselves entitled to such relief."

Mot. 2–3, ECF No. 15.

> "I , Howard D. Travis, hereby request the United States District Court; Southern District of Ohio, Columbus Division ; for a Stay as an Appeal is being filed at the United States Court of Appeals for the Tenth Circuit for Cause No: 2:22-cv-315-MIS RULING. to clarify requested jurisdictional/violation(s) Default; video conference rejected issues."
>
> "Therefore, the Plaintiff, Howard D. Travis, request this Motion of Stay is granted until any/all decisions are made by the United States Court of Appeals for the Tenth Circuit; and that they have such other relief, at law or in equity, in which they may show themselves entitled to such relief."

Mot. 2–3, ECF No. 31.

Even keeping in mind that a pro se filing should be read liberally, these four sentences fall far short of Defendant's burden of establishing the need for the stay. *See Clinton*, 520 U.S. at 708. That is, these conclusory statements show neither that there is a "pressing need" for a stay nor that the Government would not suffer harm from the grant of a stay. *See Ohio Envtl. Council*, 565 F.2d at 396.

Because it is Defendant's burden to show a stay is warranted, and because Defendant has failed to satisfy that burden, his motions are **DENIED**.

Finally, Defendant recites various perfunctory demands for Plaintiffs and this Court to show cause. Each of these are **DENIED** as patently meritless. Defendant is **ORDERED** to file a proper Answer within **FOURTEEN DAYS** or risk a default judgment against him.

The Clerk is **DIRECTED** to terminate ECF Nos. 15, 26, and 31.

**IT IS SO ORDERED.**

*Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**